JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>$50,000.00 IN U.S. CURRENCY,<br><br>　　　　Defendant.<br><br>JAUZLYNN ISQUIERDO,<br><br>　　　　Claimant. | Case No. CV 21-2430-DMG (KSx)<br><br>**CONSENT JUDGMENT OF FORFEITURE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND CLAIMANT JAUZLYNN ISQUIERDO [41]** |

　　　　Pursuant to the stipulation between plaintiff United States of America and claimant Jauzlynn Isquierdo ("Isquierdo"), the Court hereby enters this Consent Judgment of Forfeiture containing the terms set forth below:

　　　　On or about March 19, 2021, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Verified Complaint for Forfeiture alleging that the defendant $50,000.00 in U.S. currency are subject to

forfeiture pursuant to 21 U.S.C. § 881(a)(6), because the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical.

On or about April 27, 2021, Isquierdo filed a claim to defendant $50,000.00 in U.S. currency. Other than Isquierdo, no other person or entity has filed a claim to defendant $50,000.00 in U.S. currency. No other parties have appeared in this case and the time for filing claims and answers has expired.

The United States of America and Claimant Isquierdo have now agreed to settle this action relative to the disputes between them with respect to the defendant currency and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based on the mutual consent of the United States of America and Claimant Isquierdo ,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. As between the United States of America and Claimant Isquierdo with respect to the defendant currency, this Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. As between the United States of America and Claimant Isquierdo with respect to the defendant currency, the Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than Claimant Isquierdo with respect to the defendant currency. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true with respect to the defendant currency.

4. The sum of $10,000.00 only (without interest) shall be returned to Claimant Isquierdo. The remainder of the defendant currency (*i.e.*, $40,000.00), plus the interest earned by the United States of America defendant currency shall be condemned and

forfeited to the United States of America, which shall dispose of those funds in accordance with law.

5. The funds to be returned to Claimant Isquierdo pursuant to paragraph 4 above shall be paid to Claimant Isquierdo by electronic transfer directly into the client trust account of Elon Berk, Esq. Gurovich, Berk & Associates, APC, 15250 Ventura Blvd., Suite 1220, Sherman Oaks, California 91403 Tel: ( 818) 205-1555, email: eberk@crimlawla.com, the attorney of record for Claimant Isquierdo in this case. Claimant Isquierdo (through Claimant Isquierdo's attorney of record, Elon Berk, Esq.) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer including, without limitation, providing Claimant Isquierdo's social security and taxpayer identification numbers (if any), Claimant Isquierdo's attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Gurovich, Berk & Associates, APC, client trust account to which the transfer of funds is to be made.

6. Claimant Isquierdo hereby waives, relinquishes and abandons any right to contest the forfeiture of the remainder of the defendant currency (*i.e.*, $40,000.00), plus the interest earned by the United States of America and releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration or the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which Isquierdo hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted

by or on behalf of Claimant Isquierdo with respect to any portion of the defendant currency, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. As between the United States of America and Claimant Isquierdo with respect to the defendant currency, (i) the Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings; and (ii) this judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

8. As between the United States of America and Claimant Isquierdo with regard to the defendant currency, the Court further finds that Claimant Isquierdo did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

9. The United States of America and Claimant Isquierdo consent to this judgment and waive any right to appeal this judgment.

DATED: February 22, 2022

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE